Judge Hise
delivered the opinion of the Court.
Thomas Sandefer sued in trespass, Barnett M. Clay and Joel S. Lambert for forcibly taking a flat-boat and its loading, composed of Hogs, Corn, and Cattle, on the Ohio river, which belonged to the plaintiff. The defendants jointly plead not guilty, and Lambert also pleads not guilty in a several plea, and the parties go into trial upon the agreement that their evidence should not be restrained, but might extend to any matter which could have been specially pleaded.
The plaintiffs evidence established the following state of fact: That some short time before its seizure by Lamburt, John Williams had sold and delivered the boat and part of the cargo to the plaintiff, who thereupon put on board some more corn, hogs, and several head of cattle, to increase the cargo. That Williams and Scott, the first as a hand, the other as pilot, were employed by the plaintiff to assist in navigating the boat down the river. That whilst the boat was in their charge on the Ohio river and near the Indiana shore, the defendant Lambert, boarded, in company with B. Clay, a son of the defendant B. M. Clay and took *335 possession of her and the entire cargo, and prohibited the plaintiff and his hands from interfering with the boat or any part of the cargo, alleging that he had an attachment against her. The boat was brought to the Kentucky shore and left in charge of a Mr. Hall. Some time afterwards a part of the corn was thrown out on the shore: — the boat had sunk in the river — and some of the cattle were seen running at large on the Indiana shore, and the witnesses do not know what become of the hogs and the corn. The value of the boat and cargo was proven. It is proven that the defendant'B. M. Clay, though not present when the seizure was made, afterwards said that Williams owed him and he had sued out an attachment against the boat and cargo. That he had ordered the attachment to be sued out to make his money out of the boat and the. property on board. That he believed the boat and part of the cargo belonged to Williams. The son of the defendant B. M. Clay, was along with Lambert,,at the time the seizure was made.
Motion to instruct ms in cas© of non suit, oves rulod and except lion.
Defendants evS* dence.
After the plaintiff’s evidence, to the effect as above stated, was closed, the counsel for the defendant Clay, moved the Court to instruct the jury to find for him, as in case of non-suit. Which motion was overruled. To which opinion of the Court, Clay’s counsel excepted. The plaintiff’s evidence was written out, certified, and incorporated in his bill of exceptions.
The defendants then read as evidence to the jury, the copy of a record consisting of a bill in chancery filed by Barnett M. Clay in the Henderson Circuit Court, against John Williams and Thos. Sandefer, with the exhibits referred to, therein, the order of two justices, directing the clerk upon the execution of bond, &c., to issue an attachment, &c. The attachment was issued, and the return made thereupon by Joel L. Lambert, as D. S., for H. Alves, S. H. C.
The bill charges that John Williams was indebted to Clay, the defendant in this suit, in the sum of $155 50, That he was insolvent and owned no property except *336 one /¡ay 0y a jia¿ ioat, then lying at said Williams’landing, and one half the cargo thereof, consisting of com and hogs; that he, Williams, was about to remove, belonged to Thos. Sandefer, and asks for an attachment to b.e issued directing the sheriff to seize and take the flat boat, and one half of the hogs and corn on board. The order of -the justices directs the clerk, upon the execution of the bond to John Williams, only to issue an attachment to the sheriff, authorizing'him to seize and take the flat boat and one half the corn and hogs on board, in accordance with the prayer of the bill. The attachment issued by 'the clerk accordingly, directs the sheriff to take into his possession, the flat boat then lying in the Ohio river at said Williams’landing, and one half of the corn and hogs’ on board, reciting that the other half of the boat and Cargo belonged to Thos. San-defer, (the present plaintiff,), and to hold the same subject to the order of the'Court, but to deliver it to Williams Upon his executing an appropriate bond., &c. Upon which, is the following return:
“ Executed and levied, August 1st, 1843, on the property described in the within attachment, and the within named John Williams failing, to give bond as the process requires, I held on to it.”
' This return is signed by Joel L. Lambert as ’,D. S-, for PI. Alves. S., of'H. C.' '.
The only other evidence introduced b'y the defendants', was the deposition of John Williams, who proved that he had for a valuable consideration, sold and delivered the flat boat and such part of the cargo of co2’n and hogs as belonged to him, to-the plaintiff Sandefer, •several days before Clay’s attachment was issued, and before his bill was filed.. That afterwards the plaintiff, before the boat was taken, had increased the cargo by putting on the boat'six other hogs, thre.e head of •cattle, and about 81 barrels of 002m, and that the' boat and cai’go when taken by Lambert and Clay, was worth about $300; and Lam.bert forbid plaintiff" intei'-fering with the boat or cargo in any manner whatever.
Motion of defendant tO'jbermit the jury 'to take a bill of exceptions,.containing 'plaintiff’s ‘eVi'dence Written 'out;
Verdict'¡5: judgment for plaintiffs.
, Motion for 118$ trial overruled,-.
After'the testimony was closed and 'the causé argued, ‘as the jury were about tó 'retire* the counsel of defendant Olay moved the Court that they should have leave "to take with them for examination the evidence of the plaintiff, as written down* certified* abd inserted in the ‘exception taken to the opinion of the Court overruling his motion for a non-suit-. But the Court Refused the leave asked'; and to this 'opinion of the Court, Clay’s 'counsel exceptffed.
The jury returned their Verdict for the plaintiff, and assessed the damages at $500:; for which sum, and ’the c'osts of suit, the Court 'rendered judgment.
The defendant’s counsel ‘then moved the Court to set aside the verdict and judgment, and grant'a new trial opon the following grounds^
1st. That the 'verdict of the jufiy should not havé 'been joint, but several.
2d. That the Coiirt erred in granting plaintiff’s and Refusing some of defendant’s instructions to the jury.
3d. That the Cóilrt erréd in refusing to instruct thó jury to find for defendant* B. M-. Clay* as in cáse of á iaon-suit.
4th. The damages assessed by the jury were excess-'s! ve.
5th. The joint verdict of the jtt-ry against both defendants ivas contrary to la'w* and not supported b.y the ¡proof fin the causé-.
6th. The Court érred in Refusing the leave, as asked* for the jhry to take With them, on retiring* the exception marked B, containing the plasittiff’s proof.
AM the reasons ’offered b.y defendants fOf a new trial* bine !in number, a!re 'comprised within the above Classification.
The motion for a new trial was overruled, and the defendants have appealed to this Court.
The application for a new trial should nht have been á-ofuséd — the joint verdict of the jury is not sustained by the proof in the cause. The defendant Lambert ivas •clearly justifiable in taking the'flat boat* and one- *338 half the cargo on board, because he was so expressly commanded by valid process regularly issued by competent authority then in his hands to be executed. But it appears from the proof that he took the whole of the •cargo, and not the half only, as directed by the attachment in his hands, and said to the persons on board -that 'the plaintiff must not interfere with it; that he left the ‘boat at the shore, where it was, through inattention, permitted to sink, the hogs and cattle to disperse, and ’the corn to be destroyed-. He was liable, therefore, as ■a. trespasser, for taking more of -the cargo by one-half than he was directed to take by the attachment. But for this, he alone was liable, for he alone committed the trespass; for the attachment sued 'out by the defendant Clay did not authorize him to levy on but half the cargo, ■and there was no proof in the-cause that Clay directed Lambert verbally to lake more than he was directed by >the attachment to take; nor was there any satisfactory proof that Clay assented to the trespass committed by -Lambert-; Clay, therefore, could not be made jointly liable with Lambert for his, Lambert’s, wrongful conduct and trespass in taking more property than he was ■authorized to take-, for the most obvious reason, that Clay did not, either by the attachment which he pro■cured to be issued, or otherwise, in any manner direct ■or authorize Lambert to commit the trespass.
A. process of attachment reg-ula/Jy issued by competent -authority, is a justification 'to an. officer levying the same on the property of de-fenaant, but not ofother persons.
It was erroneous, therefore, that Clay should be made ■responsible for the trespass of the sheriff; and if so, it was equally erroneous that Lambert, the sheriff, should be made responsible in a joint action for the trespass ■committed by Clay in procuring an attachment to be ■issued directing the property (the' boat and half its cargo) of the plaintiff in this action, to be seized and taken to satisfy Clay’s demands against John Williams. Sandefer’s property, to -the extent of the boat and half its,cargo, was directed -and procured to be taken by Clay, by virtue of the attachment, which justified the sheriff -to that extent alone; but which did not justify Clay. -Clay «lone, is therefore guilty of the trespass to *339 the extent only which he, by the attachment, authorized the plaintiff’s property to be taken to pay Williams’s debt to him. And it was erroneous to find a joint verdict and render a joint judgment against Lambert and Clay both, by which Lambert is made responsible for his own several trespasses as well as for the trespasses committed by Clay alone, in which he had no participation, and by which Clay is made to pay damages for his own trespass, in authorizing by his attachment, the boat and half the cargo of the plaintiff' to be seized, and also for the tresspass committed by Lambert, in taking property which Clay’s attachment did not authorize him to take, and in which Clay did not participate; although, to all appearance, the tor-tious acts of the sheriff and Clay seemed to be closely connected, yet in fact they amount to several and distinct tresspasses for which a joint verdict and judgment cannot be given. Clay’s trespass consists in his directing, by his attachment, the plaintiff’s boat and half, the-eargo to be taken to pay another man’s debt. Lambert’s trespass consists, not in taking the boat and half' the cargo, for the attachment justified that much, but in taking the whole cargo instead of half.
A plaintiff'ots-complainant, irí-an attachment?, pase is not liable jointly with the officer who goes beyond his authority, in bringing an attach-' ment, unless he-directs or sanctions the act of the officer — nor is an officer liable jointly with a plaintiff.' who improperly sues out an attachment, or directing its levy upon property a third person.
It is the opinion, therefore, of this Court, upon the state of fact as presented in the record, that, neither of the defendants being responsible for the other’s trespass, a joint recovery cannot be had against both. Cases frequently occur where the person who procures process to'be issued, or the person who,- without lawful authority, does actually issue it, may be held responsible as trespassers for so doing; although such process will furnish a good legal excuse to the officer who executes it; and so on the other hand, a party may lawfully issue, or cause to be issued, process which will furnish no -justification to the officer who executes it, where it is abused or misapplied by him. See the case of Rodman vs Harcourt and Carrico, 4 B. Monroe, 231, and cases there cited.
The instructions given for the plaintiff, numbered 2, *340 .3,. 5, 6, 7',. being inconsistent with the law of the cas©,, as indicated in. this opinion, were erroneous or unam thorized by the facts of this case. They all assume that there maybe a joint recovery against the defend-, ants, who,, the proof shows, were guilty only, if at all% of several and distinct trespasses.
Herndon and Harlan for appellant; R, Monroe for-appellee.
The 1st, 2d and 4th instructions given, for defendants were- erroneous, and should have been refused. They-instruct the jury, in substance, that if the sheriff had a valid attachment in his hands, it would excuse Rambert for seizing more property than the writ directed ;■ and .that in such case, Clay was not responsible for having-the plaintiff’s property seized to pay another man’s debt to him, provided he done nothing more in the matter than to procure to be issued the attachment, by which it was, directed to be done.
The 3d instruction fop defendant was properly gjvens and the bth properly refused.
Wherefore, the judgment is reversed, and th'p causa remanded,that anew trial and further proceedings maybe had in conformity with this opinion.